Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7094 | **DATE** | 9/28/2012 |
| **CASE TITLE** | Jeffery Mitchell (#R-74032) vs. Dr. Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $44.68 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. On the court's own motion, Jackie Miller and Salvador Godinez are dismissed as defendants on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to: (1) send a copy of this order to the trust fund officer at the Pontiac Correctional Center; (2) issue summonses for service on all other defendants by the U.S. Marshal; and (3) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied.

■ **[For further details see text below.]**                                                    **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he received inadequate care and treatment for a bacterial gastro-intestinal infection, H. pylori (or "helicobacter pylori").

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $44.68. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against Warden Hardy and Stateville's health care providers. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, the plaintiff's allegations of deliberate indifference state an arguable claim against prison health care providers.

However, Administrative Review Board chairperson Jackie Miller and IDOC Director Salvador Godinez are summarily dismissed as defendants on preliminary review. Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Any right to a grievance is a procedural one, not substantive. *Id.* The Board's failure to process a prison grievance is therefore not actionable under Section 1983. The IDOC's Director and ARB chair lacked sufficient personal involvement for personal liability to attach.

The clerk shall issue summonses forthwith for service on defendants Ghosh, Williams, Carter, and Hardy. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is advised that there is a two-year statute of limitations for civil rights actions. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. The plaintiff should therefore **CONTINUED)**

attempt to identify the John/Jane Doe health care unit administrator as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.