Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7094 (App. No. 13-2004) | **DATE** | 6/5/2013 |
| **CASE TITLE** | Jeffery Mitchell (#R-74032) vs. Dr. Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motions for leave to appeal *in forma pauperis* [nos. 71 and 77] are denied. The court certifies that the appeal is not taken in good faith and orders the plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit. The plaintiff's motions to alter or amend judgment [#72-1] and for attorney representation on appeal [#72-2] are denied for lack of jurisdiction.

■ [For further details see text below.]

**Docketing to mail notices.**

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he received inadequate care and treatment for a bacterial gastro-intestinal infection, H. pylori (or "helicobacter pylori").

On April 18, 2013, the court denied the plaintiff's motion for a preliminary injunction as moot in light of the plaintiff's transfer to another prison. The plaintiff has filed an interlocutory appeal relating to that denial.

The plaintiff's motions for leave to appeal *in forma pauperis* are denied. For the reasons stated in the court's prior order, the court finds that this action does not raise a substantial issue meriting appellate review. As the court previously advised the plaintiff, if a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is generally rendered moot. *See, e.g., Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal citations omitted). As the plaintiff has raised no tenable grounds for appeal in his motion for leave to appeal *in forma pauperis*, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken.

Under the rules of the U.S. Court of Appeals for the Seventh Circuit, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

the appellate fees in full for the appeal to go forward. Consequently, the plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

In sum, the plaintiff's motions for leave to appeal *in forma pauperis* are denied. The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If the plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The plaintiff's motion to alter or amend judgment is denied for lack of jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 835 (2002); *see also United States v. Ali*, 619 F.3d 713 (7th Cir. 2010). In any event, the plaintiff's clarification that Wexford Health Sources, Inc., provides medical services to inmates at all IDOC prisons is immaterial. The four named defendants in this case are employees at the Stateville Correctional Center.

The plaintiff has also filed a motion for attorney representation on appeal. The Seventh Circuit Court of Appeals, and not this court, has jurisdiction of the matter on appeal. *See* 28 U.S.C. § 1291. Consequently, the plaintiff's motion for the assistance of counsel is denied for lack of jurisdiction. The plaintiff must seek attorney representation from the Court of Appeals.

The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.